Filed 3/5/13  P. v. Armstrong CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CHRISTOPHER LEWIS ARMSTRONG,<br><br>    Defendant and Appellant. | F064477<br><br>(Stanislaus Super. Ct. No. 1427367)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Linda A. McFadden, Judge.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Poochigian, Acting P.J., Detjen, J. and Franson, J.

## INTRODUCTION

Appellant/defendant Christopher Armstrong pleaded no contest to two felonies based on the sexual assault of two fourteen-year-old girls. He was sentenced to the agreed-upon term of 12 years in prison.

On appeal, his appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We will affirm.

## FACTS[1]

On January 5, 2011, defendant and a friend "picked up two 14-year-old girls to party," identified as Jane Does No. 1 and 2. "The defendant purchased alcoholic beverages," which were consumed by both girls. Defendant and the two girls were in his car, which was apparently driven by someone else. Jane Doe No. 2 saw defendant commit acts of digital penetration and oral copulation on Jane Doe No. 1. Jane Doe No. 1 was in the back seat and very intoxicated.

While still in the vehicle, defendant touched Jane Doe No. 2's breasts. At that point, Jane Doe No. 2 "became frightened for the safety of her friend in the back seat and yelled to let them go."

"Defendant had the car pull over, exited the vehicle and dragged Jane Doe No. 2 from the car and drove away with Jane Doe No. 1 in the back seat. The defendant went to a desolate location and raped Jane Doe No. 1," causing injuries to her body. He "orally copulated her, penetrated her vagina and her anus and beat her, choked her and then returned to the scene and threw her from the car."

---

[1] The following facts are taken from the prosecutor's statement of the factual basis for the pleas, as stipulated to by defense counsel.

# PROCEDURAL HISTORY

On or about April 6, 2011, an amended complaint was filed which charged defendant with committing the following offenses on Jane Doe No. 1, a person 14 years of age or older: count I, attempted murder (Pen. Code,[2] §§ 664/187, subd. (a)); count II, rape by force or fear (§ 261, subd. (a)(2)); count III, sodomy by force (§ 286, subd. (c)(2)); count IV, oral copulation by force (§ 288a, subd. (c)(2)); count V, kidnapping for the purpose of rape (§ 209, subd. (b)(1)); count VI, assault with the intent to commit a sexual act (§ 220, subd. (a)); and count VII, sexual penetration by force (§ 289, subd. (a)(1)(A)).[3]  As to counts II, III, and IV, it was alleged the victim was a minor over 14 years old (§ 667.61, subd. (m)).

In count VIII, defendant was charged with sexual battery on a restrained person, Jane Doe No. 2, who was 14 years old (§ 243.4, subd. (a)).

Defendant pleaded not guilty and denied the special allegations.

## Change of Plea and Sentencing Hearing

On January 24, 2012, the court stated that it had been informed that defendant would accept a plea offer, and that he would plead no contest to count II, rape by force or fear of Jane Doe No. 1; and count VIII, sexual battery on a restrained person, Jane Doe No. 2, with an agreed sentence of 12 years.  Defendant said that was correct.  The court asked if defendant wanted to be sentenced that same day, and defendant said yes.

The court advised defendant of his constitutional rights, and the consequences of his convictions for sex offenses.  In response to each advisement, defendant said that he understood and waived his constitutional rights.

---

[2] All further statutory references are to the Penal Code unless otherwise stated.

[3] The amended complaint erroneously alleged that count V was kidnapping for the purpose of robbery.  The court subsequently corrected the allegation by interlineations, to kidnapping for the purpose of rape.

The court asked defendant if he had enough time to speak to his attorney "and tell him all of the facts and circumstances about your case here," and defendant said, "Yep." The court asked defendant if he was entering his pleas freely and voluntarily, and that it was his decision. Defendant again said, "Yep."

Thereafter, defendant pleaded no contest to counts II and VIII, and said that he understood the agreed term would be 12 years, based on the upper term of 11 years for count II and one year (one-third the midterm) for count VIII. Both the prosecutor and defense counsel stated their agreement with the sentencing terms. The court granted the prosecution's motion to dismiss the remaining charges and special allegations.

The court found that defendant understood the nature of the crime, the consequences of his pleas, and his constitutional rights, and that defendant had knowingly, intelligently, and voluntarily waived those rights. The court also found a factual basis for the plea based on the prosecutor's statement, as stipulated to by defense counsel.

The court imposed an aggregate term of 12 years pursuant to the plea agreement, based on the upper term of 11 years for count II, and one year (one-third the midterm) for count VIII. The court ordered defendant to register as a sex offender upon his release from prison.

The court imposed a $2,400 restitution fine pursuant to section 1202.4, subdivision (b), and stayed the $2,400 restitution fine under section 1202.45.

The court advised defendant that since he had pleaded to a violent offense, he would only be entitled to 15 percent credits. Defendant said that he understood. The court continued the matter for the probation officer to correctly calculate defendant's credits.

On February 14, 2012, the court reconvened the sentencing hearing, and stated that defendant had 405 days of actual credits plus 60 days of good/work time credits.

4.

On March 12, 2012, defendant filed a timely notice of appeal as to matters which occurred after the plea; he did not request or obtain a certificate of probable cause.

## DISCUSSION

As noted *ante*, defendant's appellate counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on June 20, 2012, we invited defendant to submit additional briefing.

On July 10, 2012, defendant sent a letter to this court and complained that his appointed appellate counsel kept telling him "that I can not [*sic*] appeal my sentence because I [accepted] a plea." Defendant stated that he did not know "all of the terms of the plea because my trial lawyer did not explain them to me." Defendant further stated that "a plea deal is supposed to be on the table for 30 days befor[e] it can be accepted," and his deal "was not." Defendant stated his lawyer "tricked me into taking this deal" instead of proceeding with a preliminary hearing, and his case should have been dismissed. Defendant asked this court to review his case and "give me a[] new appeal lawyer."

Defendant did not request or obtain a certificate of probable cause and therefore cannot challenge the underlying validity of his plea or the agreed-upon term. (*People v. Panizzon* (1996) 13 Cal.4th 68, 77-79; *People v. Hester* (2000) 22 Cal.4th 290, 294-297.) Moreover, the entirety of the plea hearing demonstrates that the court carefully advised defendant of the nature and consequences of his plea and the agreed-upon prison term. The court asked defendant whether he had sufficient time to discuss his case, the plea, and the potential sentence, and defendant said yes. There is nothing in the record before this court to even suggest that defendant was "tricked" into entering no contest pleas to two counts, in exchange for dismissal of the other six felony sexual offenses and three special allegations.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.